UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KENNETH RACKEMANN,

    Plaintiff,

v.

ROBERT CARTER, JR. *et al.*,

    Defendants.

CAUSE NO. 3:20-CV-214-DRL-MGG

OPINION & ORDER

Kenneth Rackemann is a prisoner at the Westville Control Unit. Without a lawyer, he filed a complaint alleging he is being denied medical treatment. ECF 8. He also filed an emergency motion for an *ex parte* temporary restraining order that he calls verified but which actually is not verified. ECF 9. It also should not have been filed *ex parte* because there is no reason for the contents of the motion to be concealed from opposing parties or the public.

The motion cites to Federal Rule of Civil Procedure 65(b). However, a temporary restraining order may be issued only if "the movant's attorney certifies in writing any efforts made to give notice and the reasons why [notice] should not be required." Federal Rule of Civil Procedure 65(b)(1)(B). Here, the motion is only signed by Mr. Rackemann who is not an attorney. Moreover, the motion makes no mention of any effort to give notice to the opposing parties nor any explanation for why notice should not be given. A temporary restraining order cannot be issued then. Still, "[a] document filed *pro se* is to be liberally construed," so the filing will be construed as a motion for a preliminary injunction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The motion asks the court to order "the Westville Correctional Facility's Warden, John Galipeau, to arrange for Plaintiff to be provided a thorough medical exam by a competent medical physician to diagnose and treat his longstanding left flank severe pain and numbness." ECF 9 at 1.

The complaint also raises many other claims, but given the seriousness of this request, the complaint will be screened as required by 28 U.S.C. § 1915A at a later date.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original). To obtain a preliminary injunction, the moving party must show: (1) he will suffer irreparable harm before the final resolution of his claims; (2) available remedies at law are inadequate; and (3) he has a likelihood of success on the merits. *See BBL, Inc. v. City of Angola*, 809 F.3d 317, 323–24 (7th Cir. 2015). The court then "weighs the competing harms to the parties if an injunction is granted or denied and also considers the public interest." *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013). An injunction ordering the defendant to take an affirmative act rather than merely refrain from specific conduct is "cautiously viewed and sparingly issued." *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997) (quotation marks and citation omitted). Additionally,

> [t]he PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right. This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: Prison officials have broad administrative and discretionary authority over the institutions they manage.

*Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (quotation marks, brackets, and citations omitted).

Mr. Rackemann states in his affidavit, "At this time, my pain is of[f] the scale, I can't eat much, sleep, or exercise." ECF 9-3 at 1. In his complaint, he explains he was last seen by a physician on January 21, 2020, but was told, "I'm not here today for your left flank pain and numbness, this chronic care visit is for chronic issues only." ECF 8 at 8. Despite having submitted health care request forms on February 4, 2020 and February 18, 2020, he reports having received no pain relief or an appointment with a physician.

Inmates are entitled to receive constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976). However, prisoners are "not entitled to demand specific care[, nor are they] entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Mere disagreement with a medical professional is not a basis for a preliminary injunction. *See Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003) ("a disagreement with medical professionals . . . does not state a cognizable Eighth Amendment claim").

> [M]edical professionals are not required to provide proper medical treatment to prisoners, but rather they must provide medical treatment that reflects professional judgment, practice, or standards. There is not one proper way to practice medicine in a prison, but rather a range of acceptable courses based on prevailing standards in the field. The Constitution is not a medical code that mandates specific medical treatment.

*Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks, citations, parenthesis, and brackets omitted; emphasis added). Courts "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019) (quotation marks and citation omitted).

Here, Mr. Rackemann is not alleging he disagrees with the decisions of medical professionals; he is alleging he has been in excruciating pain for months without receiving needed medical attention. Accordingly, the court will order a response to the motion for preliminary injunction. The Westville Correctional Facility Warden has both the authority and the responsibility to ensure that inmates are provided constitutionally adequate medical treatment as required by the Eighth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Mr. Rackemann will be allowed to proceed on an official capacity claim against John Galipeau in his official capacity as the Westville Correctional Facility Warden for permanent injunctive relief. The Warden will also be ordered to respond to the motion for preliminary injunction.

For these reasons, the court:

(1) DENIES Kenneth Rackemann leave to file the motion and its attachments (ECF 9) *ex parte*;

(2) DIRECTS the clerk to unseal ECF 9;

(3) DENIES the request for a temporary restraining order (ECF 9);

(4) CONSTRUES the request for a temporary restraining order as a motion for preliminary injunction;

(5) GRANTS Kenneth Rackemann leave to proceed against John Galipeau in his official capacity as the Westville Correctional Facility Warden to obtain permanent injunctive relief to obtain constitutionally adequate medical treatment for his left flank pain and numbness as required by the Eighth Amendment;

(6) DEFERS the 28 U.S.C. § 1915A screening of the remaining claims in the complaint;

(7) DIRECTS the clerk to request Waiver of Service from John Galipeau by email to the Indiana Department of Correction with a copy of this order, the complaint (ECF 8), and the motion for preliminary injunction (ECF 9), pursuant to 28 U.S.C. § 1915(d);

(8) DIRECTS the clerk to fax or email a copy of the same documents to John Galipeau at the Westville Correctional Faculty;

(9) DIRECTS the United States Marshals Service to serve process pursuant to 28 U.S.C. § 1915(d) on the Indiana State Prison Warden by April 23, 2020, if an entry of appearance has not been filed by April 16, 2020;

(10) ORDERS John Galipeau to file and serve a response to the preliminary injunction, as soon as possible but not later than April 30, 2020 (with supporting medical documentation and declarations from other staff as necessary) describing/explaining the status of Kenneth Rackemann's left flank pain and numbness, what medical evaluations and treatment he has received since January 1, 2020, and what future course of treatment has been prescribed; and

4

(11) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), the defendants to <u>NOT RESPOND</u> to the complaint until the court screens the remaining claims as required by 28 U.S.C. § 1915A.

SO ORDERED.

April 2, 2020	*s/ Damon R. Leichty*
	Judge, United States District Court