UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KENNETH RACKEMANN,

          Plaintiff,

   v.                                       CAUSE NO. 3:20-CV-214-DRL-MGG

JOHN GALIPEAU, ANDREW LIAW,
JANICE WEST, DOWNEY, and
MOONIER,

          Defendants.

OPINION & ORDER

Kenneth Rackemann is a prisoner at the Westville Control Unit. ECF 32. Without a lawyer, he filed an amended complaint setting out six counts against eighteen defendants.[1] *Id*. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. "[T]o state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1)

---

[1] The complaint includes two paragraphs titled, "Count Five." ECF 32 at ¶¶ 89 and 90. The complaint lists nineteen defendants, but Nurse Practitioner Rhonda Adkins is listed twice. ECF 32 at ¶¶ 21 and 22.

that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In count one, Mr. Rackemann alleges a *Monell* claim against nine defendants: Warden John Galipeau, Executive Assistant Dave Leonard, Major Chad Cornett, Correctional Officer John Harvil, Correctional Officer John Salyer, Captain Heard, Captain Jason Smiley, Nurse Dorthy Livers, and Wexford of Indiana, LLC. ECF 32 ¶ 85. All of these defendants are individuals except Wexford, which is a private company hired by the Indiana Department of Correction to provide healthcare in Indiana's prisons. "[I]n the Eighth Amendment context, [*Monell*] claims may only be maintained against a municipality." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) *citing Farmer v. Brennan*, 511 U.S. 825, 841 (1994). Accordingly, count one doesn't state a claim against any of these eight individual defendants because they are not municipalities.

Wexford is not a municipality, but a private company performing a state function; it can be held liable to the same extent as a municipal entity under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), *see Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012), "when execution of a [corporation's] policy or custom . . . inflicts the injury," *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005). Here, Mr. Rackemann alleges he received delayed treatment because of scheduling and staffing deficiencies "despite explicit policies (HCSD-2.25, Health Evaluation of Offenders in Segregation; HCSD-2.04, Access-to Care)." ECF 32 ¶ 85. Thus, Mr. Rackemann is not alleging that a Wexford policy delayed his treatment. Rather, he alleges his treatment was delayed because of a custom of scheduling and staffing deficiencies that were contrary to Wexford policies.

2

In count five,[2] Mr. Rackemann lists ten purported Wexford customs he alleges caused him harm:

> (1) requiring employees to deny medical care for renal kidney stones due to budgetary constraints, (2) requiring employees not to refer inmates to off-site specialists for renal kidney stones, (3) requiring employees to ignore or minimize medical needs which might require off-site care for renal kidney stones, (4) maintaining insufficient staffing levels, (5) failing to properly process requests for medical care at WCU, (6) failing to train and supervise employees, (7) failing to discipline employees who neglected inmates' serious medical needs, (8) failing to require proper documentation for renal kidney stones, (9) failing to provide pain medication for renal kidney stones, and (10) delaying or cancelling scheduled appointments . . ..

ECF 32 ¶ 89. That said, he hasn't alleged facts from which it can be plausibly inferred that any of these were Wexford customs and not merely isolated errors or omissions by individual employees.

A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint

---

[2] The complaint includes two paragraphs titled, "Count Five." ECF 32 at ¶¶ 89 and 90. This is the first "Count Five" in paragraph 89.

has alleged—but it has not shown—that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). Because the complaint doesn't include facts from which it can be plausibly inferred that Mr. Rackemann was injured by a custom of Wexford, counts one and five don't state claims against Wexford.

In count two, Mr. Rackemann alleges Nurse Practitioner Janice West, Nurse Practitioner Downey, and Wexford of Indiana, LLC denied him constitutionally adequate medical treatment on April 15, 2019, and May 9, 2019. ECF 32 ¶ 86. In count three, he alleges Nurse Practitioner Sylvia Monnier and Wexford of Indiana, LLC denied him constitutionally adequate medical treatment on June 21, 2019. ECF 32 ¶ 87. In both counts, Wexford is alleged to have employed these nurse practitioners. However, there is no general *respondeat superior* liability under 42 U.S.C. § 1983, and companies are not liable merely because they employ someone. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). Counts two and three thus don't state claims against Wexford.

As for Nurse Practitioners West and Downey, Mr. Rackemann alleges he told them he was urinating blood and in severe pain on April 15, 2019 and May 9, 2019. He says they refused him any medical treatment. As for Nurse Practitioner Moonier, he told her the same things on June 21, 2019, and she too allegedly refused him any medical treatment. Inmates are entitled to receive constitutionally adequate medical care. *Estelle*

4

*v. Gamble*, 429 U.S. 97, 104–05 (1976). Prisoners are "not entitled to demand specific care[, nor are they] entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

For medical professionals to be held liable for deliberate indifference to an inmate's medical needs, they must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008).

> [M]edical professionals are not required to provide *proper* medical treatment to prisoners, but rather they must provide medical treatment that reflects "professional judgment, practice, or standards. There is not one *proper* way to practice medicine in a prison, but rather a range of acceptable courses based on prevailing standards in the field. The Constitution is not a medical code that mandates specific medical treatment.

*Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks, citations, parenthesis, and brackets omitted; emphasis added). "[A] disagreement with medical professionals . . . does not state a cognizable Eighth Amendment claim." *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003). Courts "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019) (quotation marks and citation omitted).

Though each Nurse Practitioners may have been acting within the scope of professional judgment, giving Mr. Rackemann the benefit of the inferences to which he

5

is entitled at the pleading stage of this proceeding, he has plausibly alleged they were deliberately indifferent to his need for medical treatment on these three occasions.

In count four, Mr. Rackemann alleges Dr. Andrew Liaw and Wexford of Indiana, LLC denied him constitutionally adequate medical treatment. ECF 32 ¶ 88. As with counts two and three, the complaint doesn't state a claim against Wexford. *See Burks*, 555 F.3d at 594. As for Dr. Liaw, he is alleged to have received an email on May 5, 2019, saying Mr. Rackemann had blood in his urine and was in severe pain. Nevertheless, Dr. Liaw did not see him for an appointment until July 10, 2019. Mr. Rackemann also alleges Dr. Liaw denied him constitutionally adequate medical treatment following surgery on July 17, 2019. Additionally, he alleges Dr. Liaw replaced his Narco with Naprosyn and cancelled his post-operative appointment. Finally, he alleges that since February 13, 2020, Dr. Liaw has limited him to over-the-counter medication for the severe pain caused by his two left renal kidney stones.

> Whether and how pain associated with medical treatment should be mitigated is for doctors to decide free from judicial interference, except in the most extreme situations. A prisoner's dissatisfaction with a doctor's prescribed course of treatment does not give rise to a constitutional claim unless the medical treatment is so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate the prisoner's condition.

*Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) (quotation marks and citation omitted). This is why courts "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019) (quotation marks and citation omitted). "The Constitution is not a medical code

that mandates specific medical treatment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). It may be Dr. Liaw was acting withing the scope of professional judgment; but again, giving Mr. Rackemann the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, these allegations state a claim.

In count six,[3] Mr. Rackemann alleges Nurse Practitioner Craft, Registered Nurse Francis, Nurse Practitioner Allen, Nurse Practitioner Perdue, and Nurse Practitioner Rhonda Adkins denied him constitutionally adequate medical care. ECF 32 ¶ 90. Specifically, he alleges he saw Nurse Practitioner Adkins on February 13, 2020. During that visit, she obtained a urine sample and received orders from Dr. Liaw for an x-ray. Mr. Rackemann is suing Nurse Practitioner Adkins because she did not provide him with prescription medication for his pain, but Dr. Liaw had not authorized prescription pain medication. So she was not acting outside the scope of professional judgment to have refused to dispense a non-prescribed medication.

As for Nurse Practitioner Craft, Registered Nurse Francis, Nurse Practitioner Allen, and Nurse Practitioner Perdue, Mr. Rackemann alleges they see him daily when they dispense medication in his housing unit. He alleges that at other times of the day, they will not visit him when called about his ongoing pain and bloody urine caused by his two left renal kidney stones. He alleges they refuse to give him prescription pain medication and tell him Dr. Liaw has recommended he drink more water so the stones will pass on their own. Given that he is seen daily and that he alleges his condition is not

---

[3] The complaint includes two paragraphs titled, "Count Five." ECF 32 at ¶¶ 89 and 90. This is the second "Count Five" in paragraph 90. Thus, it is called count six here.

substantially different for many months, it is not outside the scope of professional judgment for them to not visit him every time they are called and to follow Dr. Liaw's orders as to his medication and hydration recommendations. The allegations in count six don't state a claim.

In addition to seeking monetary damages, Mr. Rackemann alleges he is not now receiving constitutionally adequate medical care for his two left renal kidney stones and seeks permanent injunctive relief to obtain such care. The Westville Correctional Facility Warden has both the authority and the responsibility to ensure that inmates are provided constitutionally adequate medical treatment as required by the Eighth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Thus, Mr. Rackemann will be allowed to proceed against John Galipeau in his official capacity as the Warden of the Westville Correctional Facility for permanent injunctive relief.

For these reasons, the court:

(1) LIFTS the stay;

(2) GRANTS Kenneth Rackemann leave to proceed against Nurse Practitioners Janice West and Downey in their individual capacities for compensatory and punitive damages for denying him constitutionally adequate medical treatment by not scheduling a doctor's appointment and for not giving him non-prescription pain relievers on April 15, 2019 and May 5, 2019, in violation of the Eighth Amendment;

(3) GRANTS Kenneth Rackemann leave to proceed against Nurse Moonier in her individual capacity for compensatory and punitive damages for denying him constitutionally adequate medical treatment by not scheduling a doctor's appointment

and for not giving him non-prescription pain relievers on June 21, 2019, in violation of the Eighth Amendment;

(4) GRANTS Kenneth Rackemann leave to proceed against Dr. Liaw in his individual capacity for compensatory and punitive damages for denying him constitutionally adequate medical treatment for blood in his urine and severe pain by delaying a medically necessary doctor's appointment from May 5, 2019 to July 10, 2019, in violation of the Eighth Amendment;

(5) GRANTS Kenneth Rackemann leave to proceed against Dr. Liaw in his individual capacity for compensatory and punitive damages for denying him constitutionally adequate medical treatment by denying him medically necessary medication and post-surgical medical care following his July 17, 2019 operation in violation of the Eighth Amendment;

(6) GRANTS Kenneth Rackemann leave to proceed against Dr. Liaw in his individual capacity for compensatory and punitive damages for denying him constitutionally adequate medical treatment by denying him prescription medication for the pain caused by his two left renal kidney stones since February 13, 2020, in violation of the Eighth Amendment;

(7) GRANTS Kenneth Rackemann leave to proceed against John Galipeau in his official capacity as the Westville Correctional Facility Warden to obtain permanent injunctive relief to obtain constitutionally adequate medical treatment for his two left renal kidney stones as required by the Eighth Amendment;

(8) DISMISSES all other claims;

(9) DISMISSES John Harvil, Wexford of Indiana, LLC, Dave Leonard, Chad Cornett, John Salyer, Mr. Heard, Jason Smiley, Dorthy Livers, Rhonda Adkins, Phillip Perdue, Ms. Allen, Mr. Francis, and Ms. Craft;

(10) DIRECTS the Clerk to request Waiver of Service from (and if necessary the United States Marshals Service to serve process on)[4] Janice West, Downey, and Moonier at Wexford of Indiana, LLC, with a copy of this order and the complaint (ECF 32), pursuant to 28 U.S.C. § 1915(d);

(11) ORDERS Wexford of Indiana, LLC, to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant who does not waive service if it has such information; and

(12) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), John Galipeau, Andrew Liaw, Janice West, Downey, and Moonier to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

October 23, 2020            *s/ Damon R. Leichty*
                                                 Judge, United States District Court

---

[4] It is unnecessary for the Clerk or Marshal to serve Warden John Galipeau and Dr. Andrew Liaw because they have already appeared by counsel and waived service. *See* ECF 13, 14, 16, 24, and 25.