UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KENNETH RACKEMANN,

    Plaintiff,

v.

JOHN GALIPEAU, ANDREW LIAW,
JANICE WEST, DOWNEY, and
MOONIER,

    Defendants.

CAUSE NO. 3:20-CV-214 DRL-MGG

OPINION AND ORDER

Kenneth Rackemann, a prisoner without a lawyer, proceeds with six claims. *See* ECF 34 at 8-9. The defendants filed a summary judgment motion arguing Mr. Rackemann did not exhaust his administrative remedies. ECF 54. Mr. Rackemann filed a response, and the defendants filed a reply. ECF 59 and 68.

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). The law takes a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d

1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id.* at 1024. Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009). Summary judgment "is the put up or shut up moment in a lawsuit." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008).

Here, the parties do not dispute either the existence or terms of the grievance policy. Neither do they dispute the claims raised in this lawsuit were grievable or that Mr. Rackemann did not complete the grievance process related to these claims. The dispute here is whether he attempted to use the grievance procedure but was prevented

2

from doing so. A prisoner can be excused from failing to exhaust if the grievance process was effectively unavailable. *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). However, "when administrative procedures are clearly laid out . . . an inmate must comply with them in order to exhaust his remedies." *Pavey v. Conley*, 663 F.3d 899, 905 (7th Cir. 2011).

Mr. Rackemann affirms in his affidavit, "I attempted to exhaust all administrative appeals and grievances Defendants Andrew Liaw, Jeanine Moonier, Janice West, and Susan Downey, among others via institutional mail, as well as, through the WCU Case Worker Ms. Sames regarding the lack of medical treatment. Ex. 4, 5, 8, 7, 9, 10." ECF 59-2 at 5. "However, the access-to-the-grievance was frustrated and impeded by John Harvil, who repeatedly failed to process my grievances." *Id*. The access-to-the-grievance was "further frustrated and impeded by the WCU Case Worker, Ms. Sames, who actually destroyed my informal and formal grievances inside of a [Xerox] copier machine. Ex. 7." *Id*. "After that, I continually and repeatedly submitted additional formal grievances to John Harvil, to no avail. I did everything in my physical and mental capacity to exhaust all administrative grievances and appeals in this matter. However, the grievance process was unavailable to me." *Id*.

In his affidavit, Grievance Specialist John Harvil affirms he received and rejected three grievances related to the claims raised in this lawsuit because they were improperly filed. ECF 55-4 at 4-5. The Return of Grievance form notified Mr. Rackemann "If you choose to correct the problem(s) listed above, you must do so and re-submit this form within five (5) days." ECF 55-3 at 5, 7, and 9. Mr. Rackemann does not dispute these grievances were properly rejected. Rather, he argues he repeatedly submitted additional

3

formal grievances, but Mr. Harvil did not process them. In his affidavit, Mr. Harvil implicitly denies refusing to process any grievances he received from Mr. Rackemann. ECF 55-4.

Unable to judge credibility at this stage of the proceeding, the court must accept Mr. Rackemann's assertion that he filed numerous additional grievances with John Harvil and did not receive a response. However, that did not make the grievance process unavailable. The Offender Grievance Process provides, "If the offender receives no grievance response within twenty (20) business days of being investigated by the facility Offender Grievance Specialist, the offender may appeal as though the grievance had been denied." ECF 55-2 at 11. Here, Mr. Rackemann says he attempted to exhaust, but the only description of his efforts was to "continually and repeatedly submit[] additional formal grievances to John Harvil . . .." ECF 59-2 at 5. Filing multiple formal grievances is not an appeal of the denial of a previously denied grievance. He argues some of his informal and formal grievances were destroyed by a copier. Again, at this stage of the proceeding, the court accepts these allegations as true. However, the mere loss of those papers did not make the grievance process unavailable. Mr. Rackemann had a note from Case Worker Sames explaining the destroyed papers. *See* ECF 32 at 29. Though it is undated and does not specify what papers were destroyed, he could have used it as part of his documentation while still pursuing the grievance process. However, he says nothing about having done so. Neither does he explain how the loss of those specific papers prevented him from exhausting the grievance process.

"[W]hen administrative procedures are clearly laid out . . . an inmate must comply with them in order to exhaust his remedies." *Pavey v. Conley*, 663 F.3d 899, 905 (7th Cir. 2011). Here, the undisputed evidence shows Mr. Rackemann did not exhaust his administrative remedies before filing this lawsuit. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Therefore, the defendants' motion for summary judgment must be granted.

For these reasons, the summary judgment motion (ECF 54) is GRANTED and this case is DISMISSED WITHOUT PREJUDICE because Kenneth Rackemann did not exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a).

SO ORDERED.

February 23, 2021                    *s/ Damon R. Leichty*
                                     Judge, United States District Court